**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DAVID KELSEY SPARRE,

        Petitioner,

v.                                           Case No.  3:20-cv-216-TJC-JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS, et al.,

        Respondents.

**ORDER**

    Petitioner David Kelsey Sparre is a Florida prisoner convicted and sentenced to death for the first-degree murder of Tiara Pool, a woman he met online in 2010. See Sparre v. State, 164 So. 3d 1183, 1185–86 (Fla. 2015). He has petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 26, Amended Petition.) This cause is before the Court on Petitioner's Motion to Hold Proceedings in Abeyance Pending Exhaustion of State-Court Remedies. (Doc. 43, Motion to Stay.)

    Petitioner moves to hold the proceedings in abeyance while he exhausts state court remedies in relation to Claim Fourteen of his Amended Petition, in which he alleges that the State violated his due process rights by presenting an inaccurate presentence investigation (PSI) report. Respondents oppose the motion, arguing that the unexhausted claim is not cognizable on federal habeas

1

review, was forfeited in state court, and is dilatory. (Doc. 44, Response to Motion to Stay.) Petitioner replied to the response. (Doc. 47, Reply.)

Generally, a state prisoner seeking federal habeas relief must first exhaust the remedies available in state court for each claim. 28 U.S.C. § 2254(b)(1). When a habeas petition contains both exhausted and unexhausted claims, a court must typically dismiss the "mixed petition" without prejudice, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S. 509, 510 (1982).

In exceptional situations, a district court may "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Rhines v. Weber, 544 U.S. 269, 275 (2005). "Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." Id. at 275–76. But because granting a stay undermines AEDPA's twin goals of promoting finality and encouraging litigants to present their claims in state court before seeking federal habeas relief, such a stay is "available only in limited circumstances." Id. at 277. Thus, a federal court should hold the habeas proceedings in abeyance only when three conditions are met: (1) the petitioner had good cause for failing to exhaust his claims first in state court, (2) the unexhausted claims are "potentially meritorious," and (3) "there is no indication that the petitioner

2

engaged in intentionally dilatory litigation tactics." <u>Davis v. Sellers</u>, 940 F.3d 1175, 1191 (11th Cir. 2019) (quoting <u>Rhines</u>, 544 U.S. at 278). To grant a stay and abeyance where these conditions are not met would frustrate AEDPA's purposes and constitute an "abuse of discretion." <u>Rhines</u>, 544 U.S. at 277.

    A stay is inappropriate in this case. First, Petitioner fails to show good cause for not exhausting Claim Fourteen in state court before initiating the federal habeas proceedings. Claim Fourteen is premised on the inaccuracy or incompleteness of the PSI report as it relates to mitigating circumstances. (<u>See</u> Doc. 26 at 149–56.) The PSI report was completed on January 23, 2012. (<u>Id.</u> at 151.) Thus, Petitioner could have discovered any deficiencies or inaccuracies in that report well before he filed the federal habeas action. Although Petitioner suggests he only discovered the factual basis of Claim Fourteen as the result of a June 2021 interview with the PSI report's author (<u>see</u> Doc. 47 at 5), that still fails to explain why Petitioner could not have interviewed the report's author or identified the report's defects earlier.

    Further, Petitioner's claim that he only recently discovered the facts underlying Claim Fourteen is belied by his arguments in the original petition, which he filed on March 4, 2020. In Claim Four of the original petition, he argued that the prosecutor committed misconduct by failing to disclose significant mitigation that was left out of the PSI report, and that appellate counsel was ineffective for not raising that claim on direct appeal. (Doc. 1 at

3

108–11.) And in Claims Three and Five of the original petition, he also discussed mitigating evidence that was not included in the PSI report. (See, e.g., id. at 91–97, 123.) So, it is not the case that Petitioner only recently discovered (or could have discovered) the factual basis of Claim Fourteen.

Second, the history of this case and the related state-court litigation suggests the use of dilatory tactics. Petitioner filed the original federal habeas petition on March 4, 2020. (Doc. 1.) After obtaining leave to amend, he filed the Amended Petition on June 18, 2021. (Doc. 26.) The Amended Petition added ten claims for relief, including Claim Fourteen. Claim Fourteen was unexhausted despite sharing a similar factual basis with several of the subclaims in the original petition. After filing an Amended Petition containing an unexhausted ground, the Court would have expected Petitioner to promptly file a successive motion for post-conviction relief in state court to exhaust that claim. But he did not. Rather, Petitioner waited ten months—until April 2022—to move for post-conviction relief based on the PSI report. (See Doc. 43 at 2.)[1] Only then did he move to stay the proceedings. Because the facts suggest the use of dilatory

---

[1] On June 23, 2022, the state trial court summarily denied the successive motion for post-conviction relief because the claims related to the allegedly insufficient PSI report were procedurally barred and, even if not barred, Petitioner's evidence did not show that the State failed to prepare a thorough PSI report. (Doc. 56; Doc. 56-1.) The state trial court then granted rehearing and vacated that order. (Doc. 56-2.) But on December 6, 2022, the state court again denied the successive motion for post-conviction relief for the same reasons as before. (Doc. 56-3.) Petitioner appealed the trial court's decision, and that appeal remains pending before the Florida Supreme Court. See Sparre v. State, SC23–163 (Fla.) (docketed Feb. 1, 2023).

tactics, a stay is not appropriate.[2]

Accordingly, it is hereby **ORDERED:**

1. Petitioner's Motion to Hold Proceedings in Abeyance Pending Exhaustion of State-Court Remedies (Doc. 43) is **DENIED**.

2. No later than **June 1, 2023**, Petitioner must file a reply to the response to the Amended Petition or file a notice that he does not intend to file a reply.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of April, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19
C:
Counsel of record
David Kelsey Sparre, FDOC # J46231

---

[2] Claim Fourteen may also be procedurally defaulted (see Doc. 56-1), but the Court need not decide that now. Good cause for failing to exhaust a claim is a necessary condition for granting a stay. See Rhines, 544 U.S. at 277 ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."). Because the Court finds good cause to be lacking, there is no need to determine whether Claim Fourteen is procedurally defaulted, waived, or "plainly meritless." Id.